**Hancel Aaron COX, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–37–D.**

United States District Court
W. D. Virginia,
Danville Division.

Sept. 18, 1968.

---

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

### OPINION and JUDGMENT

DALTON, Chief Judge.

This cause comes before the court on a petition for habeas corpus filed *in forma pauperis* by Hancel Aaron Cox, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving a fifty year sentence following his conviction on December 2, 1965 in the Circuit Court of Henry County for rape.

Petitioner did not appeal his conviction, but did subsequently petition the state court for a writ of habeas corpus. The Henry County Circuit Court held a plenary hearing on June 20, 1967, whereupon it denied petitioner a writ of habeas corpus. Petitioner, thereafter, appealed to the Virginia Supreme Court of Appeals which affirmed the trial court's decision and refused the writ of habeas corpus. Petitioner presented the same complaints in his petition to the state courts as he now presents to this court. Thus, he has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

Petitioner's only complaint is that he was not given effective representation by his court appointed counsel, Mr. Marvin L. Hill. Petitioner alleges that he requested Mr. Hill to appeal his sentence but was erroneously informed that the case could not be appealed because he had entered a plea of guilty.

Petitioner raped a seven year old girl on December 25, 1964, at her home. Petitioner had never met either the victim or her parents before that day. Petitioner was invited to the home by the victim's uncle with whom petitioner had been drinking earlier in the day. The uncle and petitioner went to the victim's home around 11:00 a. m. to find more alcohol. While there, they had several drinks. About 2:00 or 3:00 o'clock that afternoon petitioner went up to the victim's room, pushed her down on the bed and raped her. The victim's mother entered the room and saw petitioner still holding the partially clad young girl. Petitioner fled from the house but was caught shortly thereafter and arrested by Officer J. D. Stegall of the Henry County Police Force.

During his state habeas corpus hearing, petitioner testified that he had been interrogated by policemen after his arrest without being advised of his constitutional rights to counsel and to remain silent. The validity of this allega-

tion is doubtful in view of petitioner's additional testimony given in reference to the interrogation, that he "didn't even remember what was being asked me or nothing else." (Tr. p. 1) The two officers who interrogated petitioner both emphatically stated that they fully informed petitioner of his constitutional rights before asking him any questions. Furthermore, petitioner made no statement during the interrogation and at that time denied any knowledge of the crime. Petitioner has not alleged in the petition presently before the court that he was not informed of his constitutional rights. Petitioner wisely omitted the allegation in the proceeding before this court as the evidence is convincing that petitioner was advised of his constitutional rights before being questioned by the police.

Petitioner's court appointed counsel, Mr. Hill, effectively represented petitioner in his trial. He interviewed petitioner twenty times or more, questioned all parties who might have knowledge bearing on the case; fully cross-examined all the witnesses in the case; and properly advised petitioner of his rights. Even petitioner has no complaints of the representation before and during his trial. In response to the trial judge's questioning at the beginning of the trial, petitioner twice answered that he was satisfied with Mr. Hill's representation and had no complaints. Again after the trial in reply to Mr. Hill's questioning, petitioner stated that he was satisfied with Mr. Hill's representation, that Mr. Hill had tried to explain to him legal consequences of the actions taken, and that Mr. Hill had summoned all witnesses requested.

Petitioner now complains only that Mr. Hill advised him that there was no right to appeal because he had pled guilty. Petitioner states that he wanted to appeal because he felt that the sentence of fifty years was too long, even though the sentence was exactly what Mr. Hill had advised petitioner that the commonwealth's attorney would recommend on a plea of guilty. Mr. Hill testified unequivocably that petitioner never mentioned the subject of appeal during their conferences and that petitioner never wrote to him after going to prison.

The burden is on petitioner to carry the burden of proof in a habeas corpus proceeding. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Petitioner's unsupported testimony, contradicted by the unequivocal testimony of Mr. Hill has not carried this burden. Petitioner's testimony must be weighed with the consideration that he is a state prisoner convicted of a felony and sentenced to serve fifty years in the penitentiary, whose testimony would necessarily be self-serving. It is inconceivable that Mr. Hill, a competent attorney who had represented petitioner so diligently would advise petitioner that without exception there was no right to appeal, after entry of a plea of guilty. Mr. Hill testified that he saw no possible error in the trial and, therefore, did not feel it necessary to discuss an appeal. There is no constitutional obligation to inform an indigent of the right to appeal unless he expresses some desire to seek an appeal. Carter v. Peyton, 262 F.Supp. 701 (W.D.Va.1966). Petitioner must take some positive action on his own behalf. The state cannot suppress an indigent's efforts to appeal, but it need not solicit appeals. Mr. Hill testified that petitioner did not at any time request an appeal or even inquire about the procedure necessary to perfect an appeal.

After a mature consideration of the records and for the reasons already stated, the court finds that petitioner received a fair and effective representation by his counsel and that petitioner was not denied any constitutional right to appeal. Nothing would be gained by a further hearing since all material facts have been adequately developed in the state habeas corpus hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

Therefore, it is adjudged and ordered that the petition for habeas corpus be and hereby is denied.