(No. 40664.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ARCHIE BURNETT, Appellant.

*Opinion filed June 29, 1970.*

ARCHIE BURNETT, *pro se.*

Mr. JUSTICE BURT delivered the opinion of the court:

This case comes to us on a *pro se* appeal from a judg-
ment of the Appellate Court, Fifth District, denying the pe-
tition of defendant for counsel and for leave to appeal to
that court.

The defendant was incarcerated in the county jail of
St. Clair County charged with the offense of having taken
indecent liberties with a child. He escaped from jail with
other prisoners on August 19, 1965, and was apprehended
several hours later. He was charged with the offense of
escape (Ill. Rev. Stat. 1967, ch. 38, par. 31—6(a)), and
on November 5, 1965, withdrew his not guilty plea and
entered a plea of guilty, the public defender stating that
he had fully advised the defendant of his rights. After ad-
monishing the defendant as to his rights and the conse-
quences of his plea, the trial court accepted his plea of

guilty. Upon defendant's application for probation and a hearing in mitigation and aggravation, a hearing was held on November 19, 1965. At that hearing the public defender asked for leniency, but the court refused to grant probation in the face of defendant's record of 14 or 15 prior convictions and sentenced him to a term of not less than 8 nor more than 10 years in the penitentiary.

On December 9, 1966, more than one year later, defendant filed a petition in circuit court for leave to appeal as a poor person to the appellate court and for the appointment of counsel on appeal. He charged various defects in the indictment and failure of the record to show arraignment and that defendant had persisted in his plea of guilty. No notice of appeal had been filed within 30 days of the entry of the judgment of conviction, on November 5, 1965, nor within 30 days of the order denying probation on November 19, 1965, as provided by our Rule 27(7)(a) then in force (Ill. Rev. Stat. 1965, ch. 110, par. 101.27(7)(a)), nor within one year from said dates, as provided in Rule 27(7)(b) then in force. These provisions read as follows:

"(7).(a) Appeals from the trial court shall be perfected within 30 days from the entry of the order or judgment from which the appeal is taken, provided that if the appellant applies for probation or files a motion for a new trial or in arrest of judgment, the appeal shall be perfected within 30 days after the ruling of the court on the petition for probation or the denial of the motion. Except as provided in the next paragraph, no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken.

"(b) A notice of appeal may be filed after the expiration of 30 days and within a period of not to exceed 14 months from the entry of the order or judgment from which the appeal is taken by order of the reviewing court entered within the 14 months, upon petition filed and

notice given to the adverse parties within one year from the entry of the order or judgment and upon a showing by affidavit that there is merit in appellant's claim for appeal and that the failure to file notice of appeal within the 30-day period or the failure properly to prosecute an appeal which was perfected within the 30-day period was not due to appellant's culpable negligence. The fact the appellant may have filed a notice of appeal prior to the filing of his petition for leave to appeal does not deprive the reviewing court of the power, in its discretion, to grant leave to appeal. The ruling of the court upon the petition is not reviewable. The procedure in such cases shall be as provided by Rule 29.4."

Rule 27(5)(a) provided that appeals are perfected by filing with the clerk of the trial court a notice of appeal signed by the appellant or his attorney, or by the clerk if the notice is prepared by the clerk as provided in paragraph 6 of this rule, and Rule 27(6) provided that "If the defendant so requests, the clerk of the trial court shall prepare and file forthwith a notice of appeal for the defendant." The record does not show that any request was made by the defendant of the clerk.

The appellate court denied the petition for leave to appeal on April 20, 1967, because the petition was not filed within the time provided by our rules. The appellate court also denied the petition for the appointment of counsel on appeal on April 20, 1967.

It is apparent that defendant did not file his petition for leave to appeal to the appellate court within the time provided in Rule 27(7). The important constitutional question presented by the present appeal is whether that rule was valid under the constitution of the United States, when applied to the defendant, who was without counsel from the time of his sentence and who had not been advised of his right to appeal nor of the time limits. The identical question was presented to the Court of Appeals for the 7th Circuit

in *United States ex rel. Green* v. *Pate*, 411 F.2d 884, which decided it in the affirmative. In that case the defendant was convicted on a plea of guilty in August, 1965. He was not advised of his right to appeal and was without the assistance of counsel following his conviction. His *pro se* petition for leave to appeal to the appellate court, filed in September, 1966, was denied in September, 1966. A Federal *habeas corpus* petition and a State trial court *habeas corpus* petition were denied. Following denial of a second Federal *habeas corpus* petition on the ground of defendant's failure to exhaust State remedies, defendant appealed to the Court of Appeals. That court agreed with the district court that defendant had failed to exhaust his State remedies, but also considered the merits of defendant's claim that he was deprived of his constitutional right of review. The court pointed out, as we have here, that Rule 27(7) was a bar to review and that the issue was whether the rule deprived defendant of due process or discriminated against him because of his indigence. In deciding this question the court said:

"The State Court rule did not discriminate against petitioner or any other convicted defendant when it fixed a time within which an appeal could be taken. We think an appeal sought beyond the time thus fixed, like an appeal sought beyond the time fixed by the Federal Rules of Criminal Procedure, would deprive a reviewing court of jurisdiction.

"What we have said regarding the power of the Illinois Supreme Court to fix by rule the time within which an appeal must be taken is also applicable to the rule which relieves the trial court of the duty of advising the defendant, on a plea of guilty, of his right to appeal. In our view, it was logical and within the power of the court to recognize a distinction between a defendant whose judgment of conviction resulted from a trial and one whose judgment was based upon a plea of guilty. The rule was not directed at any defendant because of

his indigence. The court was required to advise a defendant, rich or poor, of his right to appeal where his conviction followed a trial, but was not required to so advise a defendant, rich or poor, who was convicted on his plea of guilty.

"There being no duty on the court to advise petitioner of his right to appeal, it would seem to follow that there was no duty, particularly absent a request, to appoint counsel for such purpose. In this connection it is pertinent to note that in the proceedings instituted by petitioner and in his brief in this court there is not even a suggestion of any infirmity in the judgment rendered against him on his plea of guilty.

"It would unduly prolong this opinion to cite and discuss the numerous cases called to our attention. Petitioner places great reliance upon Griffin et al. v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891, and Douglas et al. v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811. In Griffin, the question was 'whether Illinois may, consistent with the Due Process and Equal Protection Clauses of the Fourteenth Amendment, administer this statute so as to deny adequate appellate review to the poor while granting such review to all others.' After noting the State's concession that the petitioners needed a transcript in order to get adequate appellate review of their alleged trial errors, the court stated (page 16, 76 S. Ct. page 589) : 'We must therefore assume for purposes of this decision that errors were committed in the trial which would merit reversal, but that the petitioners could not get appellate review of those errors solely because they were too poor to buy a stenographic transcript.'

"In Douglas, petitioners had requested and were denied the assistance of counsel solely on the basis that they were indigents, on an appeal shown to have merit. The court held that petitioners had been discriminated

against because of their indigence, and stated (page 355, 83 S. Ct. page 815) : 'In Griffin v. Illinois, 351 U.S. 12, [76 S. Ct. 585], we held that a State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty.' The court recognized, however (page 356, 83 S. Ct. at 816) : 'But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an "invidious discrimination." '

"From what we have shown, we think it evident that the reasoning employed in Griffin and Douglas is not applicable to the situation before us, and the result reached in those cases is not controlling."

Following this discussion, the court distinguished the cases of *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, and *Douglas* v. *California,* 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814.

The result reached by the Court of Appeals is supported by the decisions of other courts. (*United States ex rel. Laughlin* v. *Russell,* 282 F. Supp. 106, 113, 114; *United States ex rel. Bjornsen* v. *LaVallee* (2d cir.), 364 F.2d 489, 491 ; *Cox* v. *Peyton,* 291 F. Supp. 879, 881.) While we are aware that there are decisions indicating that a defendant must be advised of the time limits for appeal (see *Byrd* v. *Smith* (5th cir.), 407 F.2d 363 ; *Wainwright* v. *Simpson* (5th cir.), 360 F.2d 307; *Wynn* v. *Page* (10th cir.), 369 F.2d 930, 932), we are in agreement with the Court of Appeals in the *Green* case and hold that the appellate court properly dismissed defendant's appeal under Rule 27(7). *People* v. *Johnson,* 38 Ill.2d 348; *Milani* v. *Illinois,* 386 U.S. 12, 17 L. Ed. 2d 702, 87 S. Ct. 874, and *Hemphill* v. *Illinois,* 388 U.S. 465, 18 L. Ed. 2d 1323, 87 S. Ct. 2128, require the appointment of counsel in cases where the defendant was convicted upon a plea of guilty, but do not involve the question of the validity of a time limit for an

appeal or the question of whether a defendant must be advised of his right to appeal. These decisions are not controlling here.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*