(Nos. 43745, 43754 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. RAY WILSON *et al.,* Appellants.

*Opinion filed January 28, 1972.*

BRIAN B. BECKWITH of CHICAGO VOLUNTEER LEGAL SERVICES, and THOMAS GRIPPANDO of COMMUNITY LEGAL COUNSEL, both of Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The Appellate Court, First District, denied the applications of Ray Wilson, Alfredo Crespo and John Crespo, hereinafter defendants, for leave to file late notices of appeal under Rule 606(c) of this court (Ill.Rev.Stat. 1969, ch. 110A, par. 606(c)), and we have allowed the defendants' petitions for leave to appeal from those denials.

On February 27, 1970, Alfredo Crespo and John Crespo were convicted of misdemeanor offenses in the circuit court of Cook County. Alfred Crespo was convicted of the offenses of battery and resisting arrest, for which he was sentenced to 120 days confinement in the Cook County jail. John Crespo was convicted of the offense of battery, for which he was sentenced to probation for a term of one year. Both of these defendants were represented by the public defender.

On April 2, 1970, Ray Wilson was convicted of the offense of criminal trespass to a vehicle, a misdemeanor, in the circuit court of Cook County. He was sentenced to imprisonment in the Cook County jail for a term of one year. Wilson was also represented by the public defender.

None of these defendants filed a notice of appeal within 30 days of his conviction. During late July of 1970 the defendants came in contact with a law student who advised them of the possibility of appealing their sentences. Thereafter, they requested Community Legal Counsel to appeal their convictions for them. A motion to allow a late notice of appeal was filed on behalf of each defendant. The Appellate Court for the First District denied these motions on September 14, 1970, and, as has been stated, the defendants' petitions for leave to appeal were allowed.

Both in the appellate court and in this court the defendants have advanced three reasons to explain their failure to appeal their convictions within the 30-day limit of Rule 606(b). First, it was the policy of the public defender not to appeal misdemeanor convictions; second, the defendants did not know of the 30-day limit for filing of a notice of appeal; and, third, the trial court did not advise them of that time limit. The defendants have asserted that they intended to appeal their convictions but that they did not have the means to do so, or knowledge of the appellate procedure, until they came in contact with the law student and Community Legal Counsel.

Prior to the 1971 amendments, which are not applicable to this case, Rule 606(c) read as follows: "On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal, filed in the reviewing court within six months of the expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."

The question is whether the appellate court abused its discretion in denying the defendants permission to file late appeals pursuant to Rule 606(c). In *People v. Keeney (1970), 45 Ill.2d 280,* this court held that the appellate court abused its discretion in denying a defendant's motion for leave to appeal under Rule 606(c) when the defendant was indigent and the record did not show that he had knowingly waived his right to appeal or that the court had advised him of the 30-day time limit for the filing of a notice of appeal.

The present cases cannot be distinguished from *Keeney.* The State has not disputed the defendants' assertions that the failure of their court-appointed counsel to file a notice of appeal was not due to their desires, but to his own policy. The defendants were without means to obtain counsel on appeal. The trial court's failure to advise them of the 30-day limitation and their inability to secure counsel make it impossible to assume that the defendants knowingly waived their right to appeal. *(Cf. Rodriquez v. United States (1969), 395 U.S. 327, 23 L.Ed.2d 340, 89 S.Ct. 1715; Swenson v. Bosler (1967), 386 U.S. 258, 18 L.Ed.2d 33, 87 S.Ct. 996.)* As the failure to comply with the 30-day limit does not appear to have been due to any fault or waiver on the part of the defendants, their motions for leave to appeal should have been granted by the appellate court.

Since we have determined that the appellate court should have granted the defendants' motions to file late notices of appeal under Rule 606(c), we need not consider other issues raised by the defendants. The orders of the appellate court are reversed, and the causes are remanded with directions to allow the defendants' motions to file late notices of appeal.

*Reversed and remanded, with directions.*