THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ULES BROWN, Defendant-Appellant.

(No. 55435; 

First District—February 11, 1972.

*Rehearing denied March 2, 1972.*

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Pappas, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

While represented by counsel, defendant waived indictment and pleaded guilty to an information charging robbery. Judgment was entered on October 17, 1969, and defendant was sentenced to a term of three to five years.

The case was filed in this court on October 19, 1970, and defendant has attempted to raise a number of grounds for reversal, but the record discloses that he sought to perfect this appeal by filing a notice of appeal on December 2, 1969, 46 days after judgment. No extension of time was requested in the trial court or here.

Supreme Court Rule 606, Ill. Rev. Stat. 1969, ch. 110A, par. 606, provides that the notice of appeal must be filed within 30 days from the entry of the judgment appealed from. With exceptions not applicable to this case, the rule further states that no appeal may be taken from a trial court to a reviewing court after the expiration of that 30-day period. The same rule provides that no step other than the filing of the notice of appeal is jurisdictional, from which it follows that because of the 16-day

delay in filing the notice of appeal, this court has not acquired any jurisdiction to consider defendant's appeal in this case. (See *People v. Nordstrom,* 37 Ill.2d 270, 226 N.E.2d 19; *People v. Burnett,* 45 Ill.2d 521, 262 N.E.2d 477.) The appeal is therefore dismissed.

Appeal dismissed.

LORENZ, P. J., and DRUCKER, J., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF PETITION FOR REHEARING

Mr. JUSTICE ENGLISH delivered the opinion of the court:

In his Petition for Rehearing, defendant brings to our attention the case of *People v. Wilson* (January 28, 1972), (Ill.2d), (N.E.2d) (Nos. 43745, 43754 Cons.), as authority for requiring us to decide this appeal on the merits despite the untimely filing of his notice of appeal. However, that case is distinguishable on several grounds.

The issue in the *Wilson* case was whether the Appellate Court had abused its discretion in denying the defendants permission to file late notices of appeal pursuant to Rule 606(c), (Ill. Rev. Stat. 1969, ch. 110A, par. 606(c)). That rule provides that the Appellate Court may allow a motion to file a late notice of appeal if it is supported by a showing of reasonable excuse for failure to file such a notice within the allotted 30-day period, or, on certain other conditions, within a further period of six months. In the instant case, there was, and could have been, no abuse of discretion on our part because no petition for leave to file a late notice of appeal was ever filed.

Defendant also urges the application of *People v. Keeney,* 45 Ill.2d 280, 259 N.E.2d 56 (relied on in the *Wilson* opinion), which found that a reasonable excuse for failing to file a timely notice of appeal was, among other things, the fact that the trial court had not advised the defendant of the 30-day period within which a notice of appeal must be filed, and that the Appellate Court had therefore abused its discretion in denying defendant's motion for leave to appeal under Rule 606(c) which was based on said excuse. There, again, however, a petition for leave to file a late notice of appeal had been presented pursuant to Rule 606(c), whereas none was filed in the instant case. Further, in *Keeney,* the opinion relied heavily on the trial court's failure to advise the defendant, as required by Rule 605, that his right to appeal would be preserved only if a notice of appeal were filed within 30 days. This requirement of the rule, however, was added in June, 1970, and did not become

effective until September 1, 1970. We believe it could therefore have been of no consequence to the judgment in the instant case which was rendered on October 17, 1969.

Accordingly, defendant's Petition for Rehearing is denied.

Petition for rehearing denied.

LORENZ, P. J., and DRUCKER, J., concur.