(No. 45085.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ULES BROWN, Appellant.

*Opinion filed March 20, 1973.*

UNDERWOOD, C.J., dissenting.

JAMES J. DOHERTY, Public Defender of Cook County (JAMES N. GRAMENOS, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (ELMER C. KISSANE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Ules Brown, represented by the public defender, entered a plea of guilty on October 17, 1969, to an information which charged him with robbery, and on that date he was sentenced to imprisonment in the penitentiary for a term of not less than three nor more than five years.

On December 2, 1969, he filed a *pro se* notice of

appeal, and the public defender was again appointed to represent him on appeal. His brief was filed in the appellate court on April 2, 1971, and the People's brief was filed on May 27, 1971. The case was orally argued in the appellate court on January 21, 1972. Thereafter, on February 11, 1972, the appellate court, on its own motion, entered judgment dismissing the appeal upon the ground that the appellate court had "not acquired any jurisdiction to consider defendant's appeal in this case." (3 Ill. App. 3d 1034.) On rehearing the court handed down a supplemental opinion which based the dismissal not upon lack of jurisdiction, but upon the ground that it had not abused its discretion in dismissing the appeal "because no petition for leave to file a late notice of appeal was ever filed." (3 Ill. App. 3d at 1035.) We allowed the defendant's petition for leave to appeal.

In *People v. Keeney (1970), 45 Ill.2d 280,* this court reversed a judgment of the appellate court which dismissed a motion for leave to file a late notice of appeal. Among the reasons advanced to support the ruling was the fact that in that case, as in this one, the trial court had not advised the defendant of the time within which the notice of appeal was required to be filed. In *People v. Wilson (1972), 50 Ill.2d 323,* we followed the *Keeney* case and held that the appellate court had abused its discretion in denying leave to file a late notice of appeal. In our opinion the ground relied upon by the appellate court to distinguish these cases—that in the present case no petition for leave to file a late notice of appeal had been filed—unduly emphasizes formality at the expense of substance. Such a motion was presented as a part of the petition for rehearing, but it is not mentioned in the supplemental opinion of the appellate court.

In this case the notice of appeal was filed in the trial court 46 days—instead of 30 days—after the judgment was entered in the trial court. No one was injured by the delay, and the case had been briefed and argued orally in the

appellate court. The dismissal of the appeal by that court upon its own motion, more than two years after the notice of appeal was filed, was in our opinion an abuse of discretion.

The judgment of the appellate court is reversed, and the cause is remanded to that court for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

I would affirm the appellate court's dismissal of this appeal.

This case must be considered in the context in which it comes before us. It is abundantly clear from the record that defendant and his counsel had negotiated this plea of guilty as a means of disposing of eight armed-robbery charges then pending against him. The 3-to-5-year sentence then imposed had been agreed upon by defendant, his counsel and the State's Attorney. There is no suggestion made to us that defendant is not guilty, that he was in any way misled as to the offense to which he was pleading guilty or the sentence which would be recommended. The recommended sentence was imposed, and it is not suggested to be excessive. In short, it is entirely clear that no element of unfairness to defendant in the conduct or completion of the plea-negotiation proceedings is alleged to exist.

It is undisputed that defendant was properly admonished as to the consequences of his guilty plea and that he was apprised of his right to appeal notwithstanding that plea. Nevertheless, defendant failed to either perfect his appeal or conform with the requirements of our rule 606(c) (Ill. Rev. Stat. 1969, ch. 110A, par. 606(c)), by which we have provided an expeditious method for obtaining review of otherwise tardy appeals. It was this procedure, which requires an elementary showing of reasonable excuse for failure to file, that we considered in

*People v. Keeney (1970), 45 Ill.2d 280,* and *People v. Wilson (1972), 50 Ill.2d 323,* and I believe the distinction between those cases and this one to be well taken. What the majority brushes aside as formality, in fact represents a requirement calculated to promote timely and meritorious appeals, and I find no abuse of discretion in dismissal of the appeal when defendant here neglected to satisfy that requirement.

In my opinion the effect of the majority opinion is to create uncertainty and instability in the time limits upon appeals. It does so unnecessarily in a case where there is no hint of unfairness to defendant in the trial court proceedings, and, to me, no justification to further belabor an already overtaxed judicial system.