THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WILLIAMS, Defendant-Appellant.

(No. 55281; ▮▮▮▮▮▮▮▮)

First District (5th Division)—November 30, 1973.

James J. Doherty, Public Defender, of Chicago (John T. Moran, Jr., Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Jerald A. Kessler, Kenneth L. Gillis, and Patrick Delphino, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

On September 17, 1969, defendant was found guilty of the murder of Arthur Pearson and was sentenced to a term of 50 to 75 years. On that date he was informed of his right to appeal, of his right to have the public defender appointed to represent him on appeal, and of his right to a free transcript.

On February 16, 1970, the public defender was so appointed. More than three months thereafter, on May 27, 1970, and without the granting of leave, a notice of appeal was filed in the trial court. This date was more than eight months after entry of judgment against defendant. The State, in its brief, has asked that the appeal be dismissed because defendant has failed to comply with the Supreme Court Rule governing the timeliness of criminal appeals.

■■ Rule 606(a) and (b) (Ill. Rev. Stat. 1971, ch. 110A, par. 606(a) and (b)) provides that the filing of a notice of appeal with the clerk of the trial court is the single jurisdictional step in perfecting an appeal. The rule also states that, subject only to the exceptions referred to below, "no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." The jurisdictional step was conceded not to have been taken in this case within the 30-day period after judgment.

Recognizing that equity might, in certain circumstances, require an extension of time to perfect an appeal, subparagraph (c) of the same rule has "provided an expeditious method for obtaining review of otherwise tardy appeals." (*People v. Brown* (1973), 54 Ill.2d 25, 27.) As stated in the rule, the reviewing court may grant leave to appeal "[o]n motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time" or "on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence." The former motion must be filed in the reviewing court within 30 days after the expiration of the time for filing the notice of appeal, the latter must be filed within six months of that date. No motion of either kind was filed in the case at bar.

Although defendant has not called *People v. Brown* to the attention of this court, we believe it necessary to consider that case in reaching our decision on the State's motion to dismiss. In *Brown*, defendant, without requesting leave of either this court or the trial court, filed a notice of

appeal 46 days after the judgment had been entered, being 16 days late under the provisions of Rule 606. This court, on its own motion, dismissed the appeal. (*People v. Brown* (1972), 3 Ill.App.3d 1034.) The Supreme Court, however, held that our dismissal was an abuse of discretion, cautioned against emphasizing formality at the expense of substance, and remanded the case for decision on the merits of the appeal. 54 Ill.2d 25; 294 N.E.2d 267.

We believe the *Brown* case should be limited to its facts and is therefore not controlling of this case. Here, passing over the issue that there was no attempt made to obtain leave of court on the grounds required by the Rule, the time period which is at issue is more than 16 days; in fact, it is 222 days.

■■ There can be no doubt that the Illinois Supreme Court has the authority to modify, suspend or revoke its own rules, and it could be argued that by its decision in *Brown* the court intended to revoke Rule 606. We believe, however, that, in the absence of a direct statement to that effect, it did not do so, and that this court is still to be governed by Rule 606 in any case distinguishable from *Brown* on its facts. We believe the instant case is distinguishable and, therefore, the motion of the State to dismiss the appeal is allowed.

Appeal dismissed.

DRUCKER, P. J., and SULLIVAN, J., concur.