THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHESTER HOLIDAY, Defendant-Appellant.

(No. 57965;

First District (2nd Division)—August 6, 1974.

James J. Doherty, Public Defender, of Chicago (Ronald P. Katz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Patricia C. Bobb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from judgments that sentenced the defendant, Chester Holiday, to serve four penitentiary terms, three for voluntary manslaughter and one for attempt to commit armed robbery. The only issue he presents is whether, on the facts of this case, the trial court erred in imposing multiple and concurrent sentences.

In April 1972, the grand jury of Cook County returned a four-count indictment against defendant and a co-defendant, Ronnie Allen. Count 1 charged that on March 7, 1971, they murdered Jack Williams by intentionally shooting him. Count 2 charged that on the same occasion the defendants shot and killed Williams, with knowledge that the shooting created a strong probability of death or great bodily harm. Count 3 charged that on the same occasion defendants committed murder when they shot and killed Williams in an attempt to rob him. Count 4 charged that, again on the same occasion, defendants, armed with a dangerous weapon, attempted to rob Williams by taking property from his person or presence. A short time later, they were brought to trial.

When the case was called, their counsel informed the trial court that, as a result of a plea bargain, an agreement had been reached for reduction of the murder charges to voluntary manslaughter in return for guilty pleas, with the understanding that defendants would be sentenced to serve not less than 9 nor more than 19 years. The trial judge then inquired of defendants whether, as stated by their counsel, they desired to withdraw their pleas of not guilty. After receiving affirmative responses, the court inquired of the assistant State's Attorney concerning the factual bases of the pleas.

Thereupon, the court was told the parties had stipulated that if the State called 21 named witnesses, and perhaps others who were employees of the Chicago Police Department, it would prove that on March 7, 1971, at approximately 12:25 A.M. in the vicinity of 3500 West Flournoy in the city of Chicago, Jack Williams was found shot; that Williams was shot when defendant and Allen attempted to rob him; that the two defendants were arrested as a result of information furnished by eyewitnesses; and that thereafter, defendants gave incriminating statements in which they admitted shooting Williams and they told how, in the attempt to reach for a gun in Allen's possession, he was shot and killed. Defendants were admonished, their guilty pleas were accepted, and the

court imposed the four separate sentences, with the provision that they were to be served concurrently.

Thereafter, the court advised defendants of their right to appeal and of the requirement that notice be filed within 30 days from the judgments. However, the notice in this appeal was not filed within the time required. Instead, 14 days after expiration of the 30-day period, defendant filed a notice which, as part of the clerk's date stamp, contained a handwritten notation "[n]unc pro tunc as of May 17, 1972," a date which would have put the filing within the required 30 days. Based on these facts, the State, in its brief, and for the first time, questions whether defendant's appeal should be dismissed because the notice was neither timely nor in accordance with the time-extension provisions of the applicable Supreme Court Rule.

In *People v. Brown*, 54 Ill.2d 25, 294 N.E.2d 267, a defendant filed his notice of appeal to this court 46 days after judgment was entered against him.[1] Then, 2 years later, on the court's motion, after briefs and oral argument, the appeal was dismissed because the notice was not timely filed. The supreme court reversed, holding that it was an abuse of discretion to dismiss the appeal when no one was injured by the late notice, the case had been briefed and argued orally, and more than 2 years had passed since filing of the notice.

■■ In our judgment *Brown* controls this case. The State does not claim it was injured by the way the notice was filed. Although it had notice of the filing, it waited for 10 months, after defendant had briefed his case, before raising the question as a point in its answering brief. Under these circumstances, dismissal of defendant's appeal would be an abuse of discretion.[2] (*People v. Brown*, 54 Ill.2d 25, 294 N.E.2d 267; compare *People v. Williams*, 16 Ill.App.3d 111, 305 N.E.2d 583.) Therefore, we turn to the issue presented by defendant; namely, whether the trial court erred in imposing the separate and concurrent sentences.

---

[1] Like the defendant in this case, the defendant in *Brown* did not invoke the provisions of Supreme Court Rule 606(c) which provides that "[o]n motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, * * * the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."

[2] It appears that in *Brown* the defendant was not told by the trial court of the requirement that his notice of appeal be filed within 30 days. However, we do not believe that this fact distinguishes that case from this one.

■■ From the record before us, it appears that the three counts which charged defendant and Ronnie Allen with the murder of Jack Williams alleged three different theories under each of which, according to the State, they murdered the same person by the same conduct. Where an indictment, in multiple counts, charges different theories by which the same person was murdered by the same conduct, a sentence on each count cannot be imposed. (*People v. Robinson*, 106 Ill.App.2d 78, 86, 246 N.E.2d 15.) In this case, as a result of a plea bargain, three murder counts were reduced to the same number of voluntary manslaughter charges. However, the three counts merely described theoretically different killings of the same person. Therefore, only one sentence could be imposed. For this reason, the trial court erred in imposing on defendant three separate sentences of 9 to 19 years for one criminal homicide: the admitted voluntary manslaughter of Jack Williams. Compare *People v. Martin*, 376 Ill. 569, 34 N.E.2d 845.

■■ It also appears, from the facts to which the parties stipulated, that on March 7, 1971, defendant and Ronnie Allen attempted to rob Jack Williams. In the attempt to commit the robbery, a struggle ensued for the gun which Allen had in his possession, and Williams was killed. Therefore, the attempt to rob Williams was not separable from the conduct that resulted in his murder. Where two offenses result from the same conduct, a defendant may not be sentenced on both, either concurrently or consecutively. (*People v. Stewart*, 45 Ill.2d 310, 313, 259 N.E.2d 24.) In a case like this one, where the defendant is charged with an attempt to rob that results in a felony murder, sentences cannot be imposed for both offenses. (See *People v. Hill*, 6 Ill.App.3d 746, 286 N.E.2d 764.) The only permissible sentence is for the more serious offense. (*People v. Peery*, 81 Ill.App.2d 372, 225 N.E.2d 730.) Therefore, the trial court erred in imposing on defendant multiple and concurrent sentences for voluntary manslaughter and attempted armed robbery. (*People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1;[3] *People v. Miller*, 2 Ill.App.3d 206, 276 N.E.2d 395.) The only sentence the court could impose was one term of 9 to 19 years for voluntary manslaughter. *People v. Steen*, 9 Ill. App.3d 488, 292 N.E.2d 513.

■■ With regard to the permissible sentence, the provisions of the Unified Code of Corrections, which became effective after defendant's conviction, apply to his appeal because the offense for which he is

---

[3] It should be noticed, we think, that the concepts of sentencing contained in *Lilly* were pronounced by the Illinois Supreme Court long after defendant's prosecution terminated in the trial court. It is no doubt for this reason that the trial judge did not apply the rule which is now clearly applicable to this case.

"* * * being prosecuted has not reached the sentencing stage or a final adjudication * * *." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4; *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Under the code, voluntary manslaughter is a Class 2 felony, a class of cases punishable by a term of imprisonment not less than 1 nor more than 20 years, with the minimum sentence not more than one-third of the maximum. (Ill. Rev. Stat. 1973, ch. 38, pars. 9—2(c), 1005—8—1(b)(3), 1005—8—1(c)(3).) It follows that the minimum of the 9- to 19-year sentence imposed by the trial court has to be modified to 6⅓ years.

Accordingly, defendant's conviction for voluntary manslaughter on Count 1 of the indictment is affirmed, and the sentence is modified so that defendant will serve not less than 6⅓ years and not more than 19; the conviction and sentences for the offenses charged in Counts 2 and 3 are vacated; the conviction and sentence for attempted armed robbery under Count 4 are vacated and the cause is remanded to the trial court with directions that a modified mittimus issue consistent with the views expressed in this opinion. See *People v. Lilly,* 56 Ill.2d 493, 309 N.E.2d 1.

Affirmed and modified in part; vacated in part and remanded with directions.

HAYES, P. J., and DOWNING, J., concur.