(No. 46464.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. CHARLES WILLIAMS, Appellant.

*Opinion filed November 27, 1974.*

James J. Doherty, Public Defender, of Chicago (James N. Gramenos and John T. Moran, Jr., Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, Charles Williams, represented by appointed counsel, was convicted on September 17, 1969, in a bench trial in the circuit court of Cook County of the murder of Arthur Pearson, and sentenced to a term of 50 to 75 years' imprisonment. By motion dated December 5, 1969, and filed February 16, 1970, the indigent defendant, *pro se,* sought a transcript of his trial, and on the latter date the public defender was appointed to represent him. On May 27, 1970, a notice of appeal was filed by counsel in the trial court. In late 1972 the public defender filed a brief on behalf of defendant, and in early 1973 the State filed an answering brief. Thereafter, oral argument was heard in the First District Appellate Court. On November 30, 1973, that court dismissed defendant's appeal for failure to comply with Supreme Court Rule 606 (50 Ill.2d R. 606) governing the timeliness of criminal appeals. (*People v. Williams,* 16 Ill. App. 3d 111.) We allowed defendant's petition for leave to appeal. Defendant contends the dismissal by the appellate court of his appeal some 3½ years after the filing of the notice of appeal, and after the case had been briefed and argued, was an abuse of discretion and a denial of his opportunity for appellate review.

Defendant also urges that he did not receive assistance of counsel immediately following his conviction in that he was not advised by anyone of the manner and time in which to appeal. The trial court did advise defendant that he had the right to appeal, but the record contains no mention of the 30-day time limit, and defendant contends

his trial attorney did not assist or advise him after his conviction. The record indicates that defendant's counsel, in opposing the State's request for imposition of the death penalty, stated: "*** we both [the trial court and defendant's counsel] know another lawyer is going to be appointed to take this matter up on appeal ***," apparently indicating that trial counsel did not intend to represent defendant on appeal. Federal court records, filed here by defendant's present counsel at our request, reveal that defendant's trial counsel had been indicted in February, 1969, by a Federal grand jury and that during defendant's trial the attorney was awaiting his own trial on charges of mail fraud. That lawyer was also charged by information on October 6, 1969, in four counts, with failure to file income tax returns. He was convicted on February 3, 1970, on the charges of mail fraud, and later pleaded guilty to the income tax charges. Defendant suggests, as a possible explanation of trial counsel's failure to advise him of the time limits for an appeal, the latter's preoccupation with his own difficulties. In addition to the Federal court documents, the affidavit of counsel for the indicted attorney in Federal court states, in substance, that at the time Williams was convicted his attorney's "psychological state was not conducive to complying with the Illinois Supreme Court Rules regarding Notice of Appeal, as [he] was involved in defending himself in Federal Court."

In *People v. Brown,* 54 Ill.2d 25, this court, with one dissent, reversed an appellate court dismissal of an indigent defendant's appeal in which no petition for leave to file a late notice of appeal was ever filed. The defendant in *Brown,* convicted pursuant to a negotiated plea of guilty, filed a *pro se* notice of appeal 16 days after the 30-day time limit had expired. He had not, however, filed a petition for leave to file a late notice of appeal, nor did he offer any reasonable excuse for his failure to file within the 30 days allotted. This court held in *Brown* that the dismissal of the appeal on the appellate court's own motion, more

than 2 years after the notice of appeal was filed and after the case had been briefed and argued, was an abuse of discretion.

We regard *Brown* as dispositive of the issue here. There, as in this case, defendant had not been advised of the time within which a notice of appeal should be filed. His *pro se* motion indicating an intent to appeal was filed after the expiration of the 30-day period prescribed by our Rule 606 (50 Ill.2d R. 606), but, as in *Brown*, within the 6-month period within which delayed appeals may be permitted under 606(c). No motion for leave to file a late notice of appeal was filed here, but neither was such motion filed in *Brown*. In both cases the appeal had been briefed and orally argued in the appellate court prior to its dismissal by that court. We accordingly conclude, as we did in *Brown*, that dismissal by the appellate court constituted an abuse of discretion.

Since the only issue before us is the propriety of the dismissal, we remand the cause to the Appellate Court for the First Judicial District with directions to consider the appeal on its merits.

*Reversed and remanded.*