THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND C. SCHULTZ, Defendant-Appellant.

(No. 73-152;

Second District (1st Division)—April 28, 1975.

Ralph Ruebner and Phyllis J. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant, Raymond C. Schultz, was placed on probation for 3 years after he had pleaded guilty to forgery and theft in excess of $150. Subsequently, upon the revocation of the defendant's probation, the court sentenced him to concurrent terms of imprisonment of 1 to 5 years on the original conviction. On appeal the defendant contends (1) that the trial court failed to properly admonish him in accepting his pleas of guilty to the offenses; (2) that the trial court considered incompetent evidence in sentencing the defendant; and (3) that the defendant is entitled to have his term of imprisonment credited with the time he had successfully served on probation, pursuant to section 5—6—4(h) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)).

Having reviewed the record, we find that we are without jurisdiction to review the proceeding in which the defendant was convicted upon his pleas of guilty to the offenses. Further, we find that there was no impropriety at the sentencing hearing which warrants a remand for another hearing in aggravation and mitigation. However, the time served on probation by the defendant must be credited against the sentence of imprisonment. We therefore affirm the judgment of the trial court as modified.

On February 2, 1970, the defendant entered pleas of guilty to the offenses of forgery and theft in excess of $150. Thereafter, on February 20, 1970, a 3-year term of probation was imposed upon the defendant.

A petition to revoke the defendant's probation, alleging that the defendant had left the State of Illinois in violation of the conditions of his probation and had written 26 checks drawn on insufficient funds, was filed by the State on October 30, 1972. At the conclusion of the hearing on this petition, the court revoked the defendant's probation and ordered the probation officer, Mr. Mundwiler, to prepare a presentence report.

At the sentencing hearing, which was held on November 24, 1972, the State rested upon the evidence which it had presented at the probation revocation hearing. In mitigation, the defendant testified that he had been paying alimony and child support, had made restitution in accordance with the terms of his probation, was employed when he voluntarily answered the warrant for his arrest, and had not been convicted of any criminal offense while on probation. Scott Wassinger testified on behalf of the defendant that he was employed at the same business establishment as the defendant, that the defendant was a good worker, that the defendant had not "been in any trouble" while on probation, and that the defendant had told him that he might have to "bounce" a check to pay the support payments for his children and former wife and for lawyer's fees connected with his divorce.

The court then asked Mr. Wassinger if the defendant had talked to him "about turning himself in because he had written twenty-six checks in the amount of $1200." (Tr. 84; A.22) In response to the court's examination of Mr. Wassinger, the defendant admitted that he had written 26 checks amounting to $1200 on his own account, but that he intended to make restitution. (Tr. 84-85; A. 22-23)

At this point in the sentencing hearing, the court read into the record certain items contained in the probation or presentence report. The first of these was a letter written by Mrs. Jack Grant to the Gulf Oil Corp., stating that Raymond Schultz had lived with her and Mr. Grant for a brief period of time, and accusing Raymond Schultz of the unauthorized use of their credit card and car. The defendant stated to the court that the accusation was not true, and that Mr. Grant had given him permission to use both the credit card and the car while he was living with them in California. (Tr. 86; A. 24)

Next, the court read a letter from a representative of Gulf Oil to Mrs. Grant requesting that she furnish Raymond Schultz's address and inquiring if Raymond Schultz had been given authority to use the Grant's credit card at any time. The letter written in response was read by the court into the record.

A newspaper report, stating that Raymond Schultz had been arrested for disorderly conduct when he allegedly directed traffic to proceed the wrong way on a one-way street, was read by the court. The court asked, "Is that a mistake?" The defendant responded that it was a mistake and that the incident arose when a train derailed, causing a traffic jam. He asserted that he and others had not directed the traffic to go the wrong way on a one-way street, but had directed the cars to back up on the street to a point of exit, enabling the traffic to circumvent the railroad crossing. The defendant stated that the charge had been dismissed. With this explanation, Mr. Wassinger agreed, and added that in dismissing the charge, the court said that "we were actually doing the policemen's work." (Tr. 88-89; A. 26-27)

Without commenting on this explanation, the court read from the probation report that the defendant had been in Memphis, Tennessee, on October 24, 1972, and had pawned a tape player there. The defendant responded that this report was accurate.

At this point, defense counsel objected to the use of these materials at the sentencing hearing because it deprived the defendant of the right to cross-examine the writers of these letters. The objection was not ruled upon by the court, nor was it raised again.

The State recommended concurrent sentences of 2 to 5 years, while

counsel for the defendant urged the court to impose sentences with a one year minimum. Thereafter, the court ascertained that the probation officer, Mr. Mundwiler, had never communicated with Mrs. Grant personally. After commenting on the defendant's admission concerning the checks drawn on insufficient funds, the court sentenced the defendant to serve concurrent sentences of not less than 1 nor more than 5 years in the penitentiary.

■■ On appeal, the defendant's first contention is that the court failed to properly admonish him regarding the nature of the offenses charged and the possible penalties involved. Further, the defendant contends that the record does not reflect an express and understanding waiver of his right to a jury trial. Thus, the defendant argues that his conviction should be reversed, allowing him to withdraw his original pleas of guilty and to plead anew. We find that we are without jurisdiction to consider this contention since the defendant did not file notice of appeal from the order convicting him and placing him on probation.

The defendant was sentenced to the 3-year probationary term upon his pleas of guilty, on February 20, 1970. The revocation of probation and the sentencing of the defendant occurred in November, 1972. On March 30, 1973, a motion for leave to file a late notice of appeal was filed with this court by defendant. Subsequently, this court entered an order granting the defendant's motion, pursuant to Supreme Court Rule 606(c) which provides:

> "(c) Extension of Time in Certain Circumstances. On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal; or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, *filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal,* in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Ill. Rev. Stat. 1973, ch. 110A, par. 606(c).) (Emphasis added.)

In *People v. Nordstrom* (1966), 73 Ill.App.2d 168, 219 N.E.2d 151, this court, at page 176, said:

> "* * * If an accused is found guilty or enters a plea of guilty and is granted probation, the execution of the judgment is the continuance of the probation. We hold that the judgment of guilty

.is a final judgment and the time within which to perfect an appeal therefrom is not extended to such time as when the probation may be revoked."

In view of the fact that the defendant was convicted and granted proba-. tion in February, 1970, it is obvious that in granting the defendant's motion for leave to file a late notice of appeal pursuant to Supreme Court Rule 606(c), this court vested itself with jurisdiction only as to the revoca-. tion of probation and sentencing proceedings which had occurred in November, 1972. Consequently, we are without jurisdiction to consider the defendant's first contention. (*People v. Fitzgerald* (1975), 25 Ill.App. 3d 973, 324 N.E.2d 13; *People v. Fleming* (1974), 23 Ill.App.3d 221, 223, 318 N.E.2d 518; *People v. Godsey* (1974), 22 Ill.App.3d 382, 317 N.E.2d 157; *People v. Lambert* (1974), 23 Ill.App.3d 615, 320 N.E.2d 395; *People v. Williams* (1973), 16 Ill.App.3d 111, 112, 305 N.E.2d 583; *People v. Floyd* (1973), 14 Ill.App.3d 1009, 1011, 303 N.E.2d 826; *People v. Johnson* (1973), 12 Ill.App.3d 511, 299 N.E.2d 545.) However, by granting the defendant's motion under Supreme Court Rule 606(c), this court does have jurisdiction to consider the other issues which relate to the revoca-. tion of probation and the sentence imposed thereon.

The defendant contends that the trial court improperly considered evidence of misconduct which had not been reduced to conviction at the sentencing hearing. Specifically, the defendant asserts that the cor-respondence between Mrs. Grant and the Gulf Oil Corp. representative, the newspaper report of his arrest for disorderly conduct, and the report that the defendant had pawned a tape player in Memphis, Tennessee, were improperly considered by the court.

In a sentencing hearing, the court is not strictly bound by the usual rules of evidence. (See *People v. Adkins* (1968), 41 Ill.2d 297, 242 N.E. 2d 258; *People v. Kelley* (1970), 44 Ill.2d 315, 255 N.E.2d 390; *People v. Fuca* (1969), 43 Ill.2d 182, 186, 251 N.E.2d 239; *People v. Newcomer* (1974), 17 Ill.App.3d 995, 309 N.E.2d 64; *People v. Torres* (1972), 7 Ill. App.3d 395, 287 N.E.2d 487.) Rather, it has been held that so long as the court exercises care to insure the accuracy of the information con-sidered, the court may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense. *People v. Adkins* (1968), 41 Ill.2d 297, 300, 301, 242 N.E.2d 258.

In the case at bar, the material to which the defendant objects, was contained in the probation report. It is customary to make the probation report available to the court upon its revocation of probation, to enable the trial judge to determine the character and extent of the sentence. Here, the court was merely ascertaining the accuracy of the probation re-port by affording an opportunity to the defendant to comment upon these

items and to exculpate himself. Moreover, the record fails to demonstrate that the court placed undue reliance upon these materials in sentencing the defendant. On the contrary, after examining these materials and hearing the exculpatory statements of the defendant, the court rejected the State's recommendation of a 2-year minimum sentence, and imposed a minimum sentence more favorable to the defendant. Having reviewed the record, we conclude that the court was not unduly influenced by the alleged improper material in sentencing the defendant.

■■ As a final issue, the defendant contends that his prison sentence should be credited with the time he successfully served on probation in accordance with section 5—6—4(h) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)). While the defendant was sentenced prior to the effective date of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*), there is no question that the sentencing provisions of the Code are applicable to cases pending on direct appeal when the Code became effective, if the sentence under the Code is less than under prior law. (*People v. Harvey* (1973), 53 Ill.2d 585, 294 N.E.2d 269; *People v. Decker* (1973), 15 Ill.App.3d 230, 231, 304 N.E.2d 99; *People v. Blake* (1973), 15 Ill.App.3d 39, 44, 303 N.E.2d 419; *People v. Fleming* (1974), 23 Ill.App.3d 221, 224, 313 N.E.2d 518.) This issue was raised by the defendant on motion in this court, and this court ordered a limited remand to the trial court for the purpose of crediting the defendant's sentence with the time served on probation. On June 14, 1974, the trial court ordered the defendant's sentence so credited. We now affirm that action.

We therefore affirm the judgment of the trial court as modified.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.