*In re* K. M., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* K. M., Respondent-Appellant.)

Fourth District   No. 15152

Opinion filed April 25, 1979.

CRAVEN, J., dissenting.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Richard M. Baner, State's Attorney, of Eureka (Marc D. Towler and Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On December 29, 1977, respondent K. M., a minor, was adjudicated by the circuit court of Woodford County to be a delinquent minor. On January 4, 1978, that court entered a dispositional order placing her on conditional discharge. On August 14, 1978, the court revoked the conditional discharge and on August 16, 1978, committed her to the Department of Corrections, Juvenile Division. She appeals that order. Taken with the case is also her December 11, 1978, motion for leave to file late notice of appeal from the January 4, 1978, order placing her on conditional discharge.

On her appeal from the August 16, 1978, order committing her to the Department of Corrections, respondent asserts that the previous order of the court on January 4, 1978, placing her on conditional discharge, "is void

for lack of jurisdiction because the trial court failed to consider the best interests of respondent, or adjudicate her a ward of the court." The order of commitment followed an order of August 14, 1978, revoking the conditional discharge.

■■ Respondent's contentions are without merit. Although a determination of wardship is a condition precedent to a commitment to the Department of Corrections under section 5—2(1)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(1)(a)), section 4—8(2) of the Act (Ill. Rev. Stat. 1977, ch. 37, par. 704—8(2)) expressly provides that the adjudicatory hearing is the appropriate time for making the finding (*In re Driver* (1977), 46 Ill. App. 3d 574, 360 N.E.2d 1202). Prior to the dispositional order placing respondent on conditional discharge, the trial court entered the adjudicatory order of December 29, 1977, finding respondent to be delinquent and also expressly finding, "[I]t is in the best interests of the minor and of the public that the minor be made a ward of the court."

■■ The report of proceedings for the December 29, 1977, hearing gives no indication that the trial judge made an oral pronouncement that he was making respondent a ward of the court or that he considered it in her best interests and that of the public that he do so. That transcript does indicate, however, that considerable discussion occurred between court and counsel as to the best interests of the respondent and the public as to the type of adjudication to be entered. The record showed that she had previously been found to be in need of supervision and placed at the Salem Children's Home but was expelled from there for misconduct. It was also shown that she had not behaved while released to her parents. The written order of December 29, 1977, was sufficient to meet the requirements of sections 4—8(2) and 5—2(1)(a) of the Act.

■■ Respondent seeks leave to file late notice of appeal from the dispositional order of January 4, 1978, thus raising the question of the propriety of that order and the underlying adjudicatory order of December 29, 1977. She maintains that the adjudicatory order was erroneous because she was charged with escaping from the custody of a "peace officer" and the only person she might have escaped from was not shown to be a "peace officer" within the meaning of section 31—6(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(c)). Supreme Court Rule 660(a) (65 Ill. 2d R. 660(a)) provides that appeals from final judgments in delinquency proceedings shall be governed by the rules applicable to criminal cases. Supreme Court Rule 606(b) (65 Ill. 2d R. 606(b)) requires notice of appeal from final orders in criminal cases to be filed within 30 days from the judgment appealed or within 30 days of the ruling upon a timely filed motion directed against the judgment.

By the terms of Rule 606(c), a party, upon proper showing, may

apply by motion to a reviewing court for leave to file a late notice of appeal. The motion need be supported only by a showing of reasonable excuse for failure to file timely notice of appeal if made within 30 days of the expiration of the 30-day time limit of Rule 606(b). If supported by a showing by affidavit that there is merit to the appeal and the failure to file was not due to the appellant's culpable negligence, the motion may be filed within 6 months of the expiration of the time limit of Rule 606(b). The rule makes no provision for obtaining leave to file late notice of appeal if application is made after the expiration of the 6-month period.

Here, there is a showing of merit to the appeal and that the minor's failure to timely file notice of appeal was not due to her culpable negligence. The record does not indicate that the court ever informed the minor of her right to appeal the order of conditional discharge entered on January 4, 1978, as application of Supreme Court Rule 605(a) (58 Ill. 2d R. 605(a)) to delinquency proceedings requires. However, the petition for late notice of appeal was not filed until December 11, 1978, making the period of time from January 4, 1978, until its filing well in excess of the 30-day period of Rule 606(b) and the additional 6-month period of Rule 606(c).

In *People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267, the appellate court's dismissal of a *pro se* notice of appeal, filed by the defendant 16 days after the expiration of the 30-day period for filing notice of appeal as a matter of right, was held to be error. At the time the order from which appeal was sought had been entered, the court was not required to advise the defendant in regard to his right to appeal and the defendant had not been informed of the time limits for filing the notice of appeal. The case had been briefed and argued in the appellate court before that court concluded that it had no jurisdiction and dismissed the appeal. The supreme court stated that the appellate court's distinguishing that case from cases where a petition for leave to file the late notice of appeal had been filed within the 6-month period "unduly emphasizes formality at the expense of substance." 54 Ill. 2d 25, 26, 294 N.E.2d 267.

In *People v. Williams* (1974), 59 Ill. 2d 243, 320 N.E.2d 13, an order of the appellate court dismissing a notice of appeal filed after the expiration of the 30-day period but during the 6-month period was reversed by the supreme court. As in *Brown*, the appeal had been briefed and argued prior to the dismissal order. The defendant had been advised that he had a right to appeal but had not been advised of the 30-day limitation. The record indicated that after being convicted, defendant was without counsel for a period of time. The supreme court opinion gave considerable importance to the fact that defendant had indicated a desire to file notice of appeal within the 6-month period.

We do not interpret *Brown* and *Williams* to indicate that the

appellate court's power to grant leave to appeal after the expiration of the 30-day and 6-month periods of Rule 606(b) and (c) is open-ended as long as fairness be served by hearing the appeal. Rather, we interpret the decisions to require us to hear appeals covered by Rule 606(b) and (c) when the ends of justice would be served thereby and the appellant has shown an intent to appeal during the 6-month period by filing a document so indicating but fails to precede the filing with a request for leave to do so. It is the requirement that the document indicating a desire to appeal be accompanied by a request for leave to file that "unduly emphasizes formality for substance" and not the requirement that action be taken within the 6-month period. Had the supreme court deemed that we had power to grant leave to file late notice of appeal at any time to prevent injustice, it would have so stated in its rules.

Respondent relies upon *People v. Joseph* (1975), 33 Ill. App. 3d 315, 337 N.E.2d 110, but there as in *Brown* and *Williams* the defendant had filed a purported notice of appeal within the 6-month period.

The failure of the trial court to advise the minor as to her right to appeal is not of itself sufficient to bring the case within the rule of *Brown* and *Williams*. Defendant had counsel in the trial court throughout. The point which respondent wishes to now raise on appeal was presented and argued at the adjudicatory hearing. Nothing was filed within the 6-month period indicating a desire to appeal and it would appear most likely that the respondent felt no desire to appeal until the conditional discharge was revoked.

■■ Allowance of late notice of appeal upon this record would be improper.

■■ In *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E. 483, the supreme court held that upon review of an order revoking probation in a criminal case, the defendant may attack the charge of the underlying offense. Suggestion is made that by analogy the minor here could, on her appeal from the order revoking her juvenile conditional discharge, attack the sufficiency of the petition by which she was originally declared de-linquent. Suggestion is further made that the petition was insufficient because a stipulation on file indicated that the person from whom the minor was alleged to have escaped was a probation officer whose powers would not authorize her to arrest the minor. Nothing in the record indicates that the stipulation was to constitute an amendment to the petition. Rather, it appears to be an evidentiary stipulation. We are unaware of any rule whereby a stipulation of the parties to facts, regardless of how crucial those facts are to the case, operates to vitiate the sufficiency of the charge or pleading initiating the action. We do not deem this theory to present a viable avenue for relief for the minor.

The order of August 14, 1978, from which appeal is taken is affirmed.

The motion for leave to file late notice of appeal from the order of December 29, 1977, is denied.

Order affirmed, motion denied.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:
I dissent.

The majority opinion concludes that this minor can be placed in the Department of Corrections upon revocation of an order for conditional discharge when the petition seeking to have her adjudicated a delinquent did not charge an offense.

Thus, this minor will be incarcerated in the Department of Corrections when she is not charged with anything that constitutes delinquency only because the majority opinion finds no infirmity in the proceeding to revoke the conditional discharge. I find it incredible that the majority refuses to look at the original proceeding to see that no delinquency is charged.

This record tells us that in December 1977, a petition was filed alleging that the then-16-year-old minor girl was a delinquent in that she intentionally escaped from the custody of a named person described as a peace officer. That conduct was said to constitute a violation of section 31—6(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(c)). A stipulation in the record tells us that the named person from whom the minor escaped was an assistant probation officer whose primary duties consisted of juvenile matters. A probation officer with juvenile responsibility is not a peace officer; thus, no conduct that can be equated with delinquency is even charged in the petition. A peace officer, within the terms of the criminal escape provisions of the statute, is defined as one "who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses." (Ill. Rev. Stat. 1977, ch. 38, par. 2—13.) The duties of probation officers found in section 12 of the probation act (Ill. Rev. Stat. 1977, ch. 38, par. 204—4), and more particularly juvenile probation officers found in section 6—1 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 706—1), clearly do not include the power of arrest or a mandate to maintain the public order. Given the plain terms of the statute, it is impossible for the minor here to have been guilty of criminal escape based upon an escape from a juvenile probation officer. While not apropos of the instant facts, *People v. Perry* (1975), 27 Ill. App. 3d 230, 327 N.E.2d 167, stands for the proposition that persons cannot be

convicted of criminal escape when the person from whom they have escaped is not a peace officer within the definition of the statute.

If there is no underlying conduct that constitutes delinquency, you can't be placed on conditional discharge for that conduct. To say, as the majority does, that we won't reach that issue because of a procedural barrier is to ignore our duty in juvenile matters that, first and foremost, imposes the responsibility of looking to the interest and welfare of the minor. The majority opinion ignores the escape valve found in *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483, wherein the supreme court said that upon an appeal relating to a revocation of probation, the defendant was able to challenge the validity of the indictment underlying the offense.

While, under *Gregory*, I believe we could reverse on the basis of the State's failure to charge an offense in the indictment, the minor has presented another avenue of attack which is equally viable. The minor filed, concurrent with this appeal, a motion for leave to file a late notice of appeal from the original disposition. That motion was untimely under Supreme Court Rule 606(c) (58 Ill. 2d R. 606(c)). However, as the supreme court has said in *People v. Brown* (1973), 54 Ill. 2d 25, 26, 294 N.E.2d 267, 268, to deny a motion for leave to file a late notice of appeal when justice requires it and no prejudice will accrue to the People "unduly emphasizes formality at the expense of substance." In *Brown*, the court was concerned with the situation of a defendant who had indicated an intent to appeal in a timely fashion but had failed—or his counsel had failed—to get a notice or motion on file within the time provisions of the rule. The majority uses those facts to distinguish this case, arguing that the minor here did not express any desire to appeal within the 30 days following the order finding her delinquent.

That argument ignores the plain meaning of *Brown*, and, in itself, unduly emphasizes form over substance by merely creating a new formula that must be followed in order to have the rightness of a disposition reviewed by the appellate court. Furthermore, it can be asked how this minor could possibly know how to perfect an appeal or comply with the magic formula required by the majority when the trial court neglected to advise her of her right to appeal as required by Supreme Court Rule 605. The absence of the admonition required by that rule has been held to result in a waiver of the time requirements for filing a motion to vacate a guilty plea, without reference to any superseding "formula" or magic words not elsewhere required. *People v. Ryant* (1976), 41 Ill. App. 3d 273, 354 N.E.2d 395.

This minor is in the Department of Corrections for a nonoffense, and that is unconscionable.