318

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM McCRACKEN, Defendant-Appellant.

First District (1st Division)   No. 1—92—0621

Opinion filed April 12, 1993.

MANNING, P.J., dissenting.

Rita A. Fry, Public Defender, of Chicago (Kim L. Sorrells, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Eileen O'Neill, and Anthony Carl, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant William McCracken appeals from a judgment revoking his probation and sentencing him to three years' imprisonment for burglary, attempted residential burglary and theft. The issues on appeal are: whether he received sufficient notice of the charges against him to satisfy due process; and whether the State satisfied its burden of proof.

■ We first address defendant's argument that his due process right to notice of the probation revocation proceedings was violated by the State's failure to file a petition to revoke probation. The law provides that only minimum due process requirements need be applied at probation revocation hearings. (*People v. Acevedo* (1991), 216 Ill. App. 3d 195, 200, 576 N.E.2d 949.) A defendant charged with having violated probation is entitled to know the nature of the charges in advance of the hearing to revoke his probation. (*People v. Price* (1960), 24 Ill. App. 2d 364, 376, 164 N.E.2d 528.) Here, the record does not contain a copy of a petition to revoke probation. However, the common-law portion of the record contains copies of half sheets (memoranda of orders) for each of defendant's four convictions for which he was placed on probation. Those half sheets contain the following entries:

"8-15-91    Disko      PP    B/A 9/12/91
9-12-91    Disko      PP    B/A 9-27-9/7
9-27-91    Disko      PP    H.O.C. 9-30-91
9-30-91    Disko      PP    B/A 10-7-91 STATUS
10-7-91    Disko      PP    Def in Custody B/A 10-16-91
10-16-91   Disko      PP    B/A 11-14-91 W/S/VOP hearing
11-14-91   Disko      PP    B/A 12-13-91 W/S/VOP hearing
1-13-92    Disko      PP    VOP hearing Sworn test heard
                            Stip test heard deft found guilty of
                            VOP PSI ord. 10/d 12-30-9[.]"

During closing argument at the hearing, defense counsel referred to the fact that count I of the "indictment" charged defendant with

theft. It is clear from this record that defendant was afforded sufficient notice of the charges against him.

In making this finding, we note the following holding in *People v. Strickland* (1991), 211 Ill. App. 3d 183, 190-91, 569 N.E.2d 1202:

> "A condition precedent to the revocation of a defendant's probation is that there must first be on file a petition to revoke probation. \*\*\* If a defendant's due process rights require a fair determination that acts forming the basis of the petition occurred, those rights cannot be respected if no petition has been filed. When no petition for revocation is on file, a defendant cannot possibly know the nature of the allegations with which she will be confronted when the State seeks to terminate her probation."

We decline to apply that holding because of factual distinctions between *Strickland* and the present case. In *Strickland*, defendant was sentenced in August 1985 to 18 months' probation and ordered to pay court costs, perform public service work and report to the court services department. In February 1987, the State filed a petition to revoke probation alleging that defendant failed to comply with the conditions of probation. The following April, defendant admitted and stipulated to certain allegations and the court found for the State. Defendant was resentenced to 24 months' probation and ordered to comply with other conditions, including paying an undetermined amount of restitution. In March 1989, a hearing was held to determine the amount of restitution. The parties agreed that because defendant's probation was due to expire in May 1989, the term of her probation would have to be extended. The court set a hearing date of September 27, 1989, for a status report. Two weeks prior to that date, the court services department informed the court that defendant had made no restitution payments. At the hearing, the State indicated that it did not know whether it was seeking to have probation terminated, that it supposed it would have to file a petition and that it supposed the proceeding was a status hearing. The court found defendant to be in violation of probation and set resentencing for November 2, 1989. On that date defendant was resentenced to two years' probation. The following December the State filed a petition to revoke probation. In January the court held a hearing on the petition and found in favor of the State. On appeal, defendant argued that the court's order of September 27 had to be reversed because the evidence failed to prove that her failure to pay restitution was willful. In rejecting defendant's position, the court designated the September 27 hearing

as a probation modification proceeding, not a probation revocation proceeding.

■ Unlike *Strickland,* in the present case there was no confusion between the parties as to the nature of the proceedings. There had been a series of appearances before the court at which both parties were present and agreed to continuances. Both parties were also present at a status hearing, and at a subsequent hearing when a date was set for the probation revocation hearing. In *Strickland* the court found defendant to have violated probation at a status hearing. Here, defendant was found to have violated probation at a hearing that was designated as a probation revocation hearing of which both parties had prior notice. Although the record does not contain a copy of a revocation petition, it does contain copies of orders by the trial judge indicating that a violation of probation hearing was set for each of defendant's four felony convictions for which defendant had been placed on probation. As the State points out, in order for those orders to have been entered by the court, the State must have motioned for probation revocation, and defense counsel must have received notice of the motion in order to have been present at the several proceedings prior to the actual revocation hearing. Also, as previously discussed, defense counsel's reference at the hearing to count I of the "indictment" indicated that defendant had notice of the allegations on which the State was relying in seeking to have defendant's probation revoked. Under the facts and circumstances of this case, we find that defendant had sufficient notice of the alleged violation so as to satisfy due process, and that the proceedings against him were fundamentally fair.

■ Defendant also contends that the State failed to prove that he was on probation and that he violated probation. The State has the burden of proving the violation by a preponderance of the evidence. (*People v. Beard* (1974), 59 Ill. 2d 220, 226, 319 N.E.2d 745.) Defendant argues that because the record does not contain a copy of a petition to revoke probation and because the court did not take judicial notice of the fact that defendant was on probation, the State failed to prove that he was, in fact, on probation. We disagree. The record indicates that Judge Disko entered an order of probation in March 1990. Between August 1991 and October 1991 she granted a series of continuances on this matter and conducted a status hearing. It is noteworthy that at the sentencing hearing the judge commented:

"Mr. McCracken, you have been on probation to this Court. On several occasions I have tried to put you on drug programs. I know you have a drug problem. That's why I have tried to

get you into these programs and you have not successfully completed them."

The State proved inferentially and by a preponderance of the evidence that defendant had been on probation.

■ We next consider whether there was sufficient proof that defendant violated probation. At the revocation hearing, police officer Jasbro Romano testified that on August 9, 1991, he went to the Edens Motel to execute a warrant for defendant's arrest. When he entered the motel room, defendant and another man were in the bathroom. Defendant indicated that the two men were renting the room. Officer Romano recovered from the room a necklace, a wristwatch, a camera and a bag of old coins. The watch was engraved with the name Edward Messit and Illinois Bell Telephone Company. Defendant told the officer that the items were his.

Detective Richard O'Bermaier testified that defendant told him that he traded drugs for the property. In the detective's words:

"I asked [defendant] where he had gotten this property from, and he said that a lot of people come to the hotel and he buys the property from them. I said well, how do you buy it from them.

He said well, we trade dope for the property."

The detective contacted Illinois Bell and learned that it had recently presented as a retirement present a watch to an employee named Edward Messit. Messit subsequently went to the police station and identified the property. The parties stipulated that the value of the property exceeded $300.

Evidence of recent, exclusive and unexplained possession of recently stolen property by an accused, either singly or jointly with others, may give rise to an inference of guilt of theft. (*People v. Johnson* (1978), 64 Ill. App. 3d 1018, 1021, 382 N.E.2d 85.) Bearing in mind that this case involves a revocation proceeding, which has a different burden of proof than a criminal trial, we note that due process precludes a conviction for theft on the basis of exclusive possession absent corroborating evidence. (*People v. Munoz* (1981), 101 Ill. App. 3d 447, 428 N.E.2d 624.) A defendant who chooses to explain his possession of stolen property in order to rebut the inference of guilt must offer a reasonable story or be judged by its improbabilities. *People v. Daniels* (1983), 113 Ill. App. 3d 523, 447 N.E.2d 508.

Applying these principles to the instant case, we find that the State proved by a preponderance of the evidence that defendant committed the offense of theft. At the time of his arrest defendant possessed a watch, necklace, camera and a bag of old coins. The State

proved that the property was recently stolen by the detective's testimony that the owner identified the property as belonging to him and that Illinois Bell had recently presented the watch to Messit. The inference of guilt arising from defendant's possession of the property was corroborated by this same evidence. Moreover, defendant's statement to the detective that he traded drugs for the property, while not an improbable explanation, provided further evidence of defendant's culpability because, as the State argues, it created a reasonable inference that defendant knew the property was stolen. Consequently, we conclude that the State satisfied its burden of proof.

For the reasons stated above, the judgment of the circuit court is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request and assess defendant $50 as costs for this appeal.

Judgment affirmed.

CAMPBELL, J., concurs.

PRESIDING JUSTICE MANNING, dissenting:
I note that while it is well established that only "minimum requirements" of due process be applied at a probation revocation hearing, due process mandates that a probationer have notice of the alleged violations. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(f).) A condition precedent to the revocation of a defendant's probation is that there must first be on file a petition to revoke probation. (*People v. Strickland* (1991), 211 Ill. App. 3d 183, 190, 569 N.E.2d 1202.) The state of the instant record reveals that no petition was filed and defendant did not receive notice of the charges. Hence, no revocation hearing should have occurred.

The majority infers an awful lot from the insubstantial record in this case. It also suggests that the instant case, unlike *People v. Strickland* (211 Ill. App. 3d 183, 569 N.E.2d 1202), is devoid of confusion between the parties as to the nature of the proceedings. This appears to be based on the characterization in *Strickland* of the proceedings as a status hearing, whereas in the case at bar, the proceedings were designated as a revocation hearing. I find this distinction to be inconsequential. The fact of the matter is there was no petition or any other document alleging the act(s) of violation to which defendant was responding.

My colleagues refer to half sheet entries which reflect continued dates and characterizations of events described, *i.e.*, status and VOP

hearing. They also allude to a statement by counsel at the conclusion of the hearing that "Count I of the indictment" charged defendant with theft. They then conclude that the aforementioned constitute a clear indication that defendant was afforded sufficient notice of the charges against him. I vehemently disagree.

One of the cardinal precepts that courts of review are bound to acknowledge is that our review of cases on appeal is subject to limitations, *i.e.*, rules governing review and the trial court record. (See 134 Ill. 2d R. 301 *et seq.*) With respect to the trial court record in the case at bar, it is barren as it pertains to notice of an alleged charge or charges. The common law record reveals no petition or any other written charge of a probation violation. Nor does the half sheet, referred to by the majority, reflect any entries evidencing the filing of such a petition. Additionally, the half sheet entries only reflect that defendant was in custody and the case was continued from time to time. There is no transcript of what occurred at each court appearance, with the exception of the hearing.

The majority correctly states the law. It cites language from *People v. Strickland* (211 Ill. App. 3d 183, 569 N.E.2d 1202), which sets forth the general, time-honored principle that a condition precedent to the revocation of a defendant's probation is that there must *first* be on file a petition to revoke probation. It then proceeds to conjecture and speculate about what the defendant "must have known" without any support in the record before this court. It is a far cry from knowing that a revocation hearing has been set and knowing why it has been set. In *People v. Butler* (1985), 137 Ill. App. 3d 704, 711, 484 N.E. 2d 921, this court stated "defendant is entitled to know the nature of the charge in advance of any hearing wherein he is alleged to have breached the order granting him probation and must be given an opportunity to answer any charge that has been preferred against him."

Even as to probation revocation, defendant is entitled to *"the minimum protections of due process"* (emphasis added) (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 781-82, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60, which includes notice of the charge. It is far from clear what counsel was referring to when she made reference to an indictment. This is especially so when a probation revocation is not usually initiated by indictment and when there is no such document contained in the record. The entire record contains four indictments. They are as follows: (1) residential burglary and possession of burglary tools occurring on October 19, 1976, wherein the complainant is one William Moran; (2) two counts of theft occurring on August 8,

1989, wherein one Linda Camras is the complainant; (3) attempted residential burglary occurring on September 3, 1989, wherein the complainant is Joanne Barrett, and (4) attempted residential burglary and possession of burglary tools occurring on October 5, 1989, wherein Sally Gonzalez is the complainant. This recitation becomes meaningful after reviewing the transcript of the revocation hearing where it is revealed that the property which is allegedly the subject matter of this violation belonged to a couple named Messit and no specific date of offense is alleged although the property was recovered from the defendant's presence in August of 1991. Hence, after meticulously and painstakingly examining this record, no complaint, indictment, information, petition or charge in any form could be found which alleges an occurrence of August 1991 and a complainant named Messit (Edward and Lorraine). The record in this case is abysmal, and this court should not countenance such shoddiness by affirming the trial court in light of the state of this record. The United States Supreme Court held in *Thompson v. City of Louisville* (1960), 362 U.S. 199, 4 L. Ed. 2d 654, 80 S. Ct. 624, that a conviction based upon a record wholly devoid of any relevant evidence of a crucial element of the offense charged is constitutionally infirm. Thus, I agree wholeheartedly with the "no evidence" doctrine of *Thompson*, reiterated in *Jackson v. Virginia* (1979), 443 U.S. 307, 314, 61 L. Ed. 2d 560, 570, 99 S. Ct. 2781, 2786, that an accused is accorded "Freedom from a wholly arbitrary deprivation of liberty."

If in fact defendant has waived this issue, I would invoke the doctrine of plain error pursuant to Supreme Court Rule 615 (134 Ill. 2d R. 615). The error in this case affects substantial rights and, in the interest of justice, should be noticed.

Not only would I find a deprivation of due process, but there is also a breach of the statutory provision (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(a)) which requires the State to file a written petition setting forth the allegations which constitute a violation of the terms of defendant's probation.

Accordingly, I would reverse and remand for further proceedings.