19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John A. CARROLL, Petitioner-Appellant,
v.
Gerardo ASCEVEDO, Warden, Respondent-Appellee.
 No. 92-3262.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1994.
Decided March 2, 1994.
 
 Before BAUER, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The district court dismissed this collateral attack for failure to exhaust state remedies, reasoning that the courts of Illinois are open to a belated appeal. In this court the state agrees with the petitioner that Illinois would not entertain such an appeal. Rule 606(c) of the Supreme Court of Illinois permits untimely appeals but sets a limit of six months, which has long since passed. Some case law in Illinois says that the formal steps may be taken after six months if an intention to appeal was manifested within the six months, see People v. Williams, 59 Ill.2d 243, 320 N.E.2d 13 (1974); In re K.M., 70 Ill.App.3d 915, 389 N.E.2d 188 (4th Dist.1979), but petitioner did not do anything within the six months to convey an intention to appeal. Neither the district court nor either party has cited a state case permitting an appeal after six months when the party did nothing at all within that time to indicate a desire to appeal. We conclude, therefore, that petitioner has no available state remedies to exhaust.
 
 
 2
 We vacate the judgment of the district court and remand for consideration of other issues. Potentially among these issues is the state's contention that by failing to take a timely appeal petitioner forfeited his entitlement to review. See Coleman v. Thompson, 111 S.Ct. 2546, 2563-66 (1991); Jenkins v. Gramley, 8 F.3d 505 (7th Cir.1993). Respondent asks us to resolve this issue, but we cannot. Holding that federal review has been forfeited would require a modification of the judgment--from dismissal without prejudice (the district court's judgment) to dismissal with prejudice. Respondent did not take a cross-appeal, so we may not alter the judgment in his favor. Northwest Airlines, Inc. v. Kent County, 114 S.Ct. 855, 862 (1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990). All this means, however, is that we may not consider the possibility; the district court is free to do so.
 
 VACATED AND REMANDED