(No. 75523.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM McCRACKEN, Appellant.

*Opinion filed July 28, 1994.*

Rita A. Fry, Public Defender, of Chicago (Kim L. Sorrells, Assistant Public Defender, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Theodore F. Burtzos and LaTisha Foster, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Following an evidentiary hearing, the circuit court of Cook County found that the defendant, William Mc-Cracken, had violated the terms of his probation. Defendant appealed from the trial court's judgment, arguing that the record did not establish that the State filed petitions to revoke his probation. Defendant claimed that the record thus failed to demonstrate that defendant received formal notice of the charges against him. On this basis, defendant argued that the record showed he was deprived of adequate notice, in violation of constitutional principles of procedural due process. The appellate court affirmed (244 Ill. App. 3d 318), and this court allowed defendant's petition for leave to appeal (134 Ill. 2d R. 315(a)).

According to the record, on March 9, 1990, the trial court sentenced defendant to 30 months' probation for the offense of burglary, two charges of attempted resi-

dential burglary, and one charge of theft. Several months thereafter, the State instituted proceedings to revoke defendant's probation. The cause was periodically continued by agreement of the parties.

On December 13, 1991, the court held an evidentiary hearing on the State's proceeding to revoke defendant's probation. Defendant and his attorney were present at and participated in this evidentiary hearing. Based on the evidence presented and the arguments of counsel, the trial court ruled against the defendant and found that he had violated the terms of his probation. On December 31, 1991, the trial court entered an order sentencing defendant to three years' imprisonment.

Defendant appealed from the trial court's ruling. He argued that the record did not demonstrate that he had received sufficient notice of the charges against him to satisfy due process, because the record did not contain any petitions to revoke his probation. The appellate court rejected this argument (244 Ill. App. 3d at 319-21), although one justice dissented from this disposition (244 Ill. App. 3d at 323 (Manning, P.J., dissenting)).

Defendant argues in this court that the State's notice of the charges of violation of probation that had been filed against the defendant was constitutionally deficient, because the record fails to establish that the State filed any petitions to revoke defendant's probation. Defendant notes that the State's filing of a petition to revoke probation has been held an indispensable prerequisite to the State's case against a defendant, when the State seeks to revoke an offender's probation. See, *e.g., People v. Strickland* (1991), 211 Ill. App. 3d 183, 190.

After defendant's brief was filed in this appeal, however, the State supplemented the record to include the petitions to revoke probation that were filed against the defendant. These petitions, dated August 10, 1991, and filed stamped by the court, alleged that defendant

had violated his probation for the offenses of burglary, attempted residential burglary, and theft. The State's petitions alleged that defendant's violation of probation occurred because the defendant had recently engaged in the knowing possession of stolen property. In light of this supplement to the record, the defendant lacks a factual basis to argue that the State deprived him of adequate notice, on the theory that the State never filed petitions to revoke defendant's probation.

The defendant maintains that this court should dismiss the State's petitions to revoke defendant's probation, because the State should have supplemented the record before the appellate court ruled on the merits of the defendant's due process argument. According to the defendant, the State's tardiness in supplementing the record amounts to a waiver by the State of any right to present the petitions to revoke probation, in a supplement to the record before this court. We disagree, and hold that the State did not waive the right to supplement the record with its petitions to revoke defendant's probation.

Although defendant now concedes that the State did in fact file petitions to revoke his probation, defendant contends that the record does not show that he was ever formally served with a copy of the petitions, or that his attorney was fully apprised of the allegations of the petitions.

The record indicates that defendant and his attorney appeared at the court's proceedings on the State's petitions to revoke probation and fully participated in those proceedings. Prior to appeal, defense counsel never raised an argument that the State had failed to provide the defendant with adequate notice of the charges against him. For example, the transcript of the hearing held by the trial court on October 16, 1991, indicates the following colloquy between court and counsel:

"[Defense counsel]: Judge, I just received the police reports. He has several VOPs [violations of probation], and we would be asking that the State elect on whether they are proceeding of the VOPs or the substantive case.

\* \* \*

[THE COURT]: State, are you going to make an election?

[Assistant State's Attorney]: Judge, we'll elect on the violation.

[THE COURT]: Then are we ready to set this down for a hearing on the violation of probation?

[Defense counsel]: Yes, Judge. \*\*\*

\* \* \*

[THE COURT]: Let's set Mr. McCracken down for a violation of probation hearing \*\*\*. \*\*\*

[Defense counsel]: Fine, Judge."

In light of these statements of defendant's attorney, it is readily apparent that defense counsel did not believe it was necessary to obtain further information in order to proceed on the State's petitions to revoke defendant's probation. It is also noteworthy that defense counsel never claimed a lack of knowledge concerning the allegations of the State's petitions to revoke probation.

Moreover, at the evidentiary hearing on the State's petitions to revoke, defense counsel cross-examined the State's witnesses and argued lack of sufficient evidence to prove that defendant had violated the terms of his probation. Defendant was present at this evidentiary hearing. No argument was made by defense counsel to the effect that defendant had been deprived of adequate notice of the allegations made in the State's petitions to revoke defendant's probation.

Due process requires at a minimum that an accused at a revocation of probation proceeding be notified and informed of the nature of the charges that have been filed against him so that he may adequately present evidence and argument in his defense. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756.)

Similarly, our statutory enactments set forth requirements for notice to a defendant charged with violation of his probation. See 730 ILCS 5/5—6—4 (West 1992); *People v. Cooper* (1989), 132 Ill. 2d 347.

However, neither principles of due process nor the requirements of pertinent statutory enactments require automatic reversal of a defendant's sentence where the defendant has not been prejudiced by the lack of formal notice. (See *In re Splett* (1991), 143 Ill. 2d 225, 230.) Generally, where the litigant and his attorney have appeared at the trial court's evidentiary hearing, and have fully participated in the proceedings, the court's order may be upheld, although the record does not affirmatively establish whether the defendant did, in fact, receive formal notice. *Splett*, 143 Ill. 2d at 231.

In the present case, we conclude that the record's failure to affirmatively reveal whether defendant received formal notice does not dictate reversal of the trial court's revocation of defendant's probation. The record reflects that defendant and his counsel were present at the court's evidentiary hearing on the State's petitions to revoke probation. Defense counsel fully participated in the court proceedings, cross-examined the State's witnesses, and argued to the court that the evidence was insufficient to sustain the State's allegations against the defendant. Defense counsel never objected to the proceedings on the ground of lack of formal notice of the petitions filed against the defendant. Under these circumstances, we conclude that defendant is not entitled to reversal of the court's judgment against him. Defendant "does not contend that he was prejudiced by the lack of formal notice, nor do we discern any manner in which his rights were adversely affected. Thus, *** we do not believe that the absence in the record of an affirmative indication that [defendant] received formal notice of the proceeding compels

reversal of the [revocation] order." (*Splett*, 143 Ill. 2d at 232.) The defendant "should not be permitted to take part in a hearing on the merits and, if [he] do[es] not prevail, obtain a new hearing by complaining of a procedural defect 'that could and should have been objected to immediately, [and] could have been easily cured if timely objected to ***.' " *Splett*, 143 Ill. 2d at 231, quoting *In re J.W.* (1981), 87 Ill. 2d 56, 62.

Based on the record presently before us, we find that the defendant is not entitled to reversal of the trial court's judgment against the defendant. Accordingly, the judgment of the appellate court is affirmed.

*Affirmed.*