NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200271-U

NOS. 4-20-0271, 4-20-0272 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 29, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| KENNARD R. SCRANTON, | ) | Nos. 14CF96 |
| Defendant-Appellant. | ) | 18CF17 |
| | ) | |
| | ) | Honorable |
| | ) | John Frank McCartney, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted appellate counsel's motion to withdraw and affirmed
the trial court's judgment dismissing defendant's postjudgment motion, agreeing
with appellate counsel that defendant has no meritorious issues that could be raised
on appeal.

¶ 2    This matter is before us on the motion to withdraw as appellate counsel filed by the

Office of the State Appellate Defender (OSAD) because defendant can raise no meritorious issue.

We permitted defendant to file a response to OSAD's motion until August 21, 2021, but defendant

did not do so. After our review of the record, we agree with OSAD's analysis, grant OSAD's

motion to withdraw, and affirm the trial court's judgment dismissing defendant's postjudgment

motion.

¶ 3                                 I. BACKGROUND

¶ 4        On December 22, 2014, the State charged defendant with possession of a firearm when his firearm owner's identification (FOID) card was revoked, a Class 3 felony (430 ILCS 65/2(a)(1) (West 2014)) (Pike County case No. 14-CF-96). The State later amended the complaint to charge defendant with possession of a firearm when his FOID card was expired, a violation of the same statutory section, but a Class A misdemeanor. Defendant pleaded guilty to the amended charge in exchange for a two-year period of conditional discharge. Defendant acknowledged in his written plea of guilty he entered the plea voluntarily and understood the possible consequences thereof, including the penalties. In a colloquy with the court, defendant advised he understood if he violated the terms of the conditional discharge, he could be sentenced to up to one year in jail.

¶ 5        Shortly before the end of the two-year conditional-discharge period, in April 2017, the State filed a petition to revoke the conditional discharge for defendant's willful failure to pay fines and court costs. The trial court continued defendant's appearance on the State's petition, allowing him the opportunity to make payments of at least $100 per month. If, by June 2017, defendant had paid his obligation in full, the State would agree to withdraw its petition. Over the next few months, the court gave defendant several opportunities to pay the amount in full. When defendant failed to appear in January 2018, the court permitted the State to file an amended petition to revoke the sentence.

¶ 6        On January 29, 2018, in a separate action, the State charged defendant with defrauding a drug screening test, a Class 4 felony (720 ILCS 5/17-57(a)(2) (West 2018)) (Pike County case No. 18-CF-17).

¶ 7        On February 23, 2018, the State filed another petition to revoke defendant's conditional discharge in Pike County case No. 14-CF-96, alleging he (1) failed to pay the fines and court costs and (2) committed the offense of defrauding a drug screening test as charged in

Pike County case No. 18-CF-17. At an early court appearance on this petition, the trial court also noted defendant had been charged with aggravated battery in Fulton County.

¶ 8    On November 27, 2018, at a combined hearing, the parties advised the trial court they had agreed to resolve the petition to revoke and the criminal charge related to the drug screening test. The court advised defendant individually of the charges and penalties in both cases, which defendant acknowledged he understood. The court also admonished defendant of the following: (1) his right to counsel and a hearing or trial; (2) the presumption of innocence and the State's burdens; (3) his right at either hearing or trial to testify, remain silent, offer evidence, and call and confront witnesses; (4) some specific collateral consequences, and the existence of others; (5) the consequence of waiver should he admit the petition or plead guilty to the criminal charge. Defendant advised the court he understood the admonitions. As well, defendant indicated (1) no one had made any threats or promises to him regarding the dispositions, (2) he was freely entering into the agreements with the State, and (3) he was satisfied with his counsel's representation. After the foregoing, defendant entered a plea of guilty to the drug screening charge, and admitted the allegations of the petition to revoke.

¶ 9    The State described the factual basis for the drug screening charge, and advised the trial court, for the basis supporting the petition to revoke, it would offer the payment history showing defendant "didn't make payments." The court accepted defendant's plea and admission, respectively, and sentenced defendant to 24 months' probation on the petition to revoke and 30 months' probation on the drug screen charge. The court ordered defendant to serve the sentences concurrently after his release from custody on his Fulton County charge referenced above.

¶ 10    Defendant did not file a direct appeal in either matter, and instead, on March 18, 2020, in both cases, defendant filed a *pro se* "Petition for Relief From Judgement [(*sic*)], or in the

Alternative, Motion to Withdraw Pleas/Vacate Sentence." In his petition, defendant cited section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) and the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) as bases for his requested relief. He delineated six issues, which fall into four categories: (1) whether his right to be free from double jeopardy was violated; (2) whether the prosecutor or defense counsel provided false information to the court; (3) whether defense counsel provided ineffective assistance of counsel; and (4) whether his plea was valid because (a) he did not receive a copy of the petition to revoke, (b) he was not told about his right to a hearing, and (c) the court relied only upon the State's representation that the fines had not been paid.

¶ 11 Defendant also filed a *pro se* brief in support of his petition, in which he repeated many of the allegations in his petition and raised a myriad of other claims, including a claim he was sentenced twice for the FOID card offense, and the State failed to request an extension of his conditional discharge. Further, defendant alleged his due process rights were violated because he did not receive "advance written notice" of the petition to revoke his conditional discharge. Defendant alleged his counsel was ineffective because he threatened him, told him he could not fight the charges, and told him if he did not agree to the resolution, it could be worse. Defendant, in addition, complained the resolutions of the charge and the petition to revoke were "conjoined in the plea bargain sense."

¶ 12 On May 15, 2020, the trial court entered a thoughtful and well-reasoned 10-page written order dismissing defendant's claims as frivolous and patently without merit. First, the court found defendant's claims were barred by the doctrine of *res judicata* since defendant had failed to raise the issues on direct appeal.

¶ 13    Next, the trial court found double jeopardy did not apply to defendant's situation. The court noted that, during the revocation proceedings, defendant's sentence of conditional discharge was tolled. Then, upon an agreed finding of a violation, defendant was lawfully sentenced to a term of probation.

¶ 14    As to the petition for revocation of conditional discharge, the court noted the first petition to revoke was filed within the expiration of the original sentence which tolled the expiration of the sentence. The court noted that on March 27, 2018, the court provided defendant with a copy of the amended petition to revoke, which appears to be the petition resolved by the agreed disposition. As to the allegations of ineffective assistance, the court found no basis for such claims.

¶ 15    Defendant filed an appeal in both cases. The appeal in Pike County case No. 14-CF-96 bears our docket No. 4-20-0271, and the appeal in Pike County case No. 18-CF-17 bears our docket No. 4-20-0272. On June 18, 2020, we *sua sponte* appointed OSAD to represent defendant, and on OSAD's motion, we consolidated the appeals.

¶ 16    On July 7, 2021, OSAD filed a motion for leave to withdraw as counsel on appeal pursuant to *People v. Kuehner*, 2015 IL 117695, ¶ 15, *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 9, and various provisions of the Illinois Rules of Professional Conduct of 2010 discussed therein. See Ill. R. Prof'l Conduct (2010) Rs. 1.16(a)(1), 3.1 (eff. Jan. 1, 2010). We provided defendant notice of the motion and granted defendant until August 21, 2021, to respond, but defendant has not responded.

¶ 17                                    II. ANALYSIS

¶ 18    OSAD asserts it considered potential procedural and substantive legal errors. Its motion addresses the specific claims raised by defendant in his *pro se* hybrid motion and

supporting brief. Because OSAD concludes defendant's challenges lack legal merit, OSAD moves to withdraw. Upon our review of the record, we agree with OSAD, grant its motion to withdraw, and affirm the judgment of the trial court.

¶ 19                                      A. Standard of Review

¶ 20          Our review of a first-stage dismissal of a postconviction petition is *de novo*. *People v. White*, 2020 IL App (4th) 160793, ¶ 26. Our review of a trial court's entry of a judgment on the pleadings, or a dismissal pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), is also *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 21          B. No Meritorious Issue Relating to Plea for Defrauding a Drug Screen

¶ 22          In Pike County case No. 18-CF-17, defendant pleaded guilty to defrauding a drug screening test. To appeal from such posture, Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) required defendant to first file within 30 days of sentencing a motion to withdraw his plea and vacate the sentence. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39 (2011). Defendant did not file such a motion within 30 days of sentencing, and thus the trial court did not have jurisdiction to hear defendant's untimely motion to withdraw his plea.

¶ 23          Further, defendant has identified no issue or error specific to his plea other than it was "conjoined" with the admission to the petition to revoke his conditional discharge.

¶ 24          Our supreme court has recently concluded that a knowing and voluntary guilty plea waives all nonjurisdictional errors, including constitutional challenges. *People v. Jones*, 2021 IL 126432, ¶¶ 20, 26 (holding juvenile offender's plea of guilty precluded him from filing a successive postconviction petition to challenge a fully negotiated 50-year sentence). Because defendant herein knowingly and voluntarily pleaded guilty, and he does not allege any

shortcoming relating to the court's jurisdiction or any misrepresentation or malfeasance by the State in securing his plea, defendant has waived any challenge to the disposition or the process.

¶ 25        Thus, the trial court committed no error in dismissing defendant's petition relating to his guilty plea in Pike County case No. 18-CF-17 and no arguable claim can be made on appeal related thereto.

¶ 26                    C. No Arguable Double Jeopardy Claim

¶ 27        Upon its review of defendant's double-jeopardy claim, OSAD considered whether any argument could be made related to defendant's resentencing upon the revocation of his conditional discharge. It concluded no meritorious claim could be made. We agree with OSAD.

¶ 28        Defendant alleged he was sentenced twice for the FOID card offense, in violation of double jeopardy, because his conditional discharge had expired when the court sentenced him on the petition to revoke. However, the filing of the petition to revoke tolled the expiration of the term of conditional discharge. See 730 ILCS 5/5-6-4(a) (West 2020).

¶ 29        Defendant also claimed, by the time of the hearing on the petition to revoke, he had paid all amounts due, and the State should have been required to present evidence to the contrary. However, we find no evidence in the record to demonstrate defendant had paid the amount due prior to the filing of the petition to revoke. In fact, the record indicates there were assessments outstanding at the time of the filing of the petition. Furthermore, defendant admitted to the allegations of the petition, which included he had willfully not paid the fines and costs.

¶ 30        Even if there was a question related to defendant's payment of assessments, he admitted the other allegation in the petition to revoke, namely, he had committed the offense of defrauding a drug screening test. As well, defendant pleaded to this same conduct in the other matter which is the subject of this appeal discussed above. Therefore, defendant violated the

terms of his conditional discharge by both failing to pay the assessments when due, even after extensions to do so, and by committing another offense. These violations support revocation and the additional punishment consistent with the terms of the conditional discharge sentence.

¶ 31       Thus, we conclude there is no merit to a double-jeopardy claim either in the petition-for-relief-from-judgment context or in a postconviction petition. We find the trial court did not commit error in rejecting defendant's claims of double jeopardy.

¶ 32              D. No Meritorious Claim Based on False Information

¶ 33       OSAD next considered whether it could raise an arguably meritorious claim related to defendant's allegations that either the prosecutor or defense counsel provided the court with false information. OSAD again notes that no such claim could be raised. Due to the lack of any factual support for defendant's claims, OSAD concluded there was no basis for relief. We agree.

¶ 34       The failure to provide support and a specific factual basis is fatal to a postconviction petition and permits a trial court to summarily dismiss such a petition at the first stage. *People v. Collins*, 202 Ill. 2d 59, 66 (2002). Similarly, a section 2-1401 petition for relief from judgment must "affirmatively set forth specific factual allegations" to permit relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986).

¶ 35       Without factual support, we conclude there can be no meritorious claim raised on appeal related to defendant's false-information claim. Thus, we find the court did not commit error by rejecting defendant's claims based on such assertions.

¶ 36              E. No Valid Ineffective Assistance of Counsel Claim

¶ 37       OSAD concludes defendant's ineffective-assistance-of-counsel claims would fail. Defendant had claimed his attorney threatened him and advised he could not contest the

allegations in the petition to revoke. OSAD noted (1) such claims are not cognizable in proceedings on a petition for relief from judgment and (2) defendant cannot reasonably demonstrate prejudice from counsel's conduct.

¶ 38        At the outset, we note, as OSAD did, that ineffective assistance of counsel claims are not appropriately addressed in a section 2-1401 proceeding because they do not challenge the factual basis of the judgment. *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). Thus, the trial court's dismissal of the ineffective assistance claims under section 2-1401 was proper.

¶ 39        When such claims are reviewed in the postconviction context, the petition must demonstrate problematic performance resulting in prejudice to the defendant. *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). Notably, the trial court appropriately admonished defendant at the hearing where he admitted to the allegations of the petition to revoke and pleaded guilty to the drug screen offense. Defendant then answered he had no problems with the representation provided by his attorney, and the court otherwise determined defendant's plea and admission to the petition were voluntary and knowing.

¶ 40        It is also apparent from the record defendant cannot demonstrate prejudice. Again, defendant admitted the allegations in the petition to revoke related to the fraudulent drug screen specimen and pleaded guilty to the offense in the criminal case. Thus, even if defendant could demonstrate a substandard performance issue, he cannot show prejudice because he admitted the conduct and has not claimed actual innocence or offered a defense thereto.

¶ 41        Like OSAD, we find no meritorious basis for defendant's ineffective assistance allegations. Therefore, the trial court's dismissal of the ineffective assistance of counsel claims did not constitute error.

¶ 42        F. The Plea Colloquy Presents No Meritorious Issue for Appeal

¶ 43       OSAD further concludes defendant's claims about the plea colloquy lacked merit. Defendant asserts the petition to revoke process was deficient because he was not given a copy of the petition, was never told about the right to a hearing, and the court did not ask defendant if his counsel shared the foregoing information with him. We agree the record does not support defendant's claims.

¶ 44       As above, these claims are not appropriately addressed in a section 2-1401 proceeding for relief from judgment because the factual basis would have been known at the time of the admission to the petition. *Pinkonsly*, 207 Ill. 2d at 567. Accordingly, the trial court's dismissal of these claims under section 2-1401 was proper.

¶ 45       When reviewed in the context of a postconviction petition, OSAD correctly notes a trial court can rely on the record. See 725 ILCS 5/122-2.1(c) (West 2020). The court's lengthy order dismissing defendant's claims notes defendant was provided with a copy of the amended petition to revoke. As well, the transcripts demonstrate defendant was present when the court reviewed the allegations of the petition with him, and when defendant admitted to the violations. Further, defendant acknowledged he understood the allegations when asked by the court. Our supreme court has concluded a formal reading of the allegations of a petition to revoke probation is not required where a defendant has appeared with counsel and participated in the proceeding. *People v. McCracken*, 159 Ill. 2d 463, 467-68 (1994). Therefore, we find the record belies defendant's claim he did not receive formal notice.

¶ 46       Similarly, the transcripts demonstrate the trial court advised defendant of his right to a hearing on the merits upon his initial appearance and on the day he admitted the petition's allegations. Again, defendant acknowledged he understood his rights.

¶ 47        We conclude there is no merit to defendant's claims. It is clear from the record he was advised of his right to a hearing, and he received a copy of the petition.

¶ 48                                    G. No Arguable Procedural Error

¶ 49        OSAD also reviewed the record for any procedural error that could arguably warrant reversal and concluded no such error exists. We agree.

¶ 50        As OSAD notes, a trial court has 90 days to complete the first stage of postconviction review to determine if the petition should proceed to the second stage or be summarily dismissed as frivolous. *White*, 2020 IL App (4th) 160793, ¶ 30. Defendant filed his hybrid petition March 18, 2020, and the trial court entered its order ruling on the petition on May 15, 2020, well within 90 days. As well, there is no suggestion the State influenced the court relative to its dismissal. *People v. Gaultney*, 174 Ill. 2d 410, 419 (1996). Thus, there is no procedural error in the summary dismissal of the petition as a postconviction petition.

¶ 51        Defendant also sought relief from the trial court's judgment pursuant to section 2-1401 of the Code of Civil Procedure (725 ILCS 5/2-1401 (West 2018)). Without repeating, as we discussed above, defendant does not make claims that would be appropriately addressed in a petition for relief from judgment. Thus, the trial court did not commit any procedural error by dismissing defendant's claims for section 2-1401 relief.

¶ 52                                    III. CONCLUSION

¶ 53        For the foregoing reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's judgment.

¶ 54        Affirmed.